UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-3 DAWON TAYLOR,

        Defendant.
                                   /

Case No. 2:17-cr-20640-3

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [629]**

Defendant Dawon Taylor, through his attorney, moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 629.[1] Defendant argued the Court should reduce his sentence because his morbid obesity places him "at an increased risk of severe illness or death from" COVID-19. *Id.* at 7425. Defendant also asserted he suffers from asthma and sleep apnea, which further increase his chances of having complications from COVID-19. *Id.* at 7426. And Defendant explained he suffers from "extreme anxiety and depression due to his ongoing fear of contracting [] COVID-19." *Id.* at 7427.

The Government responded that Defendant's COVID-19 fears do not warrant a sentence reduction as an "extraordinary and compelling reason" under the First Step Act. ECF 634, PgID 7505–15.[2] After all, Defendant is fully vaccinated against

---

[1] All ECF 629 citations are under seal.
[2] All ECF 634 citations are under seal.

1

COVID-19. ECF 634-4, PgID 7649–50. And on that basis, the Court will deny the compassionate release motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release based on his health, ECF 629, PgID 7433, 7435, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claim about health complications from COVID-19 are not extraordinary and compelling. Defendant is fully vaccinated against the COVID-19 virus because he has received both Pfizer vaccine shots. ECF 634-4, PgID 7649–50. The Pfizer vaccine is highly "effective at preventing COVID-19 in individuals who have not previously contracted COVID-19." *United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (collecting sources on the effectiveness of COVID-19 vaccines). Because Defendant is fully vaccinated against

3

COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). "Indeed, Courts in the Eastern District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of their fear of contracting COVID-19." *United States v. Collier*, 15-cr-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases).

Last, Defendant's anxiety and depression are also not extraordinary or compelling reasons for release. For one, experiencing anxiety and depression during COVID-19 is far from unusual. In fact, thirty-one percent of Americans have experienced anxiety and depression symptoms during the COVID-19 pandemic. Mark É. Czeisler, et al., *Mental Health, Substance Use, and Suicidal Ideation During the COVID-19 Pandemic — United States, June 24–30, 2020*, Vol. 69 No. 32 CDC Morbidity & Mortality Wkly. Rep. 1049 (Aug. 14, 2020), https://bit.ly/3pkaQlI, [https://perma.cc/MQR3-JNBJ]. And two, Defendant has not explained how compassionate release would reduce his anxiety and depression. To that end, Defendant even conceded the Bureau of Prisons is treating his anxiety and depression. ECF 629, PgID 7427. The Court will therefore deny the compassionate release motion because Defendant has not shown that there are any extraordinary and compelling reasons for release.

**WHEREFORE**, it is hereby **ORDERED** that the emergency motion for compassionate release [629] is **DENIED**.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: June 4, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 4, 2021, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager